(Supreme Court, Special Term, New York County.   June 14, 1912.)

MORTGAGES (§ 535*)—FORECLOSURE—DISCHARGE OF LIENS.

> The terms of sale upon foreclosure of mortgaged property provided that all taxes, assessments, and water rates on the property should be allowed by the referee out of the purchase money.   Special Term rule, § 15, provides that where there are taxes or assessments or other liens on mortgaged property about to be sold under foreclosure, which are to be allowed out of the purchase money, the referee or officer making the sale shall also state in a note attached the proximate amount thereof, but an unintentional error shall not invalidate the sale or authorize the court to relieve the purchaser.   *Held* that, though the specification approximated the taxes and water rates at $1,700 and included liens which accrued after the date of sale, the referee was not warranted in discharging those liens; the terms of the sale governing.

> [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1556; Dec. Dig. § 535.*]

Foreclosure by Austin B. Fletcher, as trustee, against the 416 West 33d Street Realty Company, and others.   On motion by the purchaser of the mortgaged property to compel the referee to discharge certain liens.   Motion denied.

A. S. Gilbert, of New York City, for the purchaser.

David Bernstein, of New York City (Pressinger & Newcombe, of New York City, of counsel), for defendant H. G. Vogel Co., opposed.

Weschler & Rothschild, of New York City, for defendant Moore, opposed.

GIEGERICH, J.   This is a motion to direct a referee to pay certain taxes and water rates upon property sold by him in a foreclosure action.   The property in question was sold on the 24th day of April, 1912.   The terms of sale contained the following clause:

> "All taxes, assessments, and water rates upon said premises will be allowed by the referee out of the purchase money, provided the purchaser shall previously to the delivery of the deed produce to the referee proof of such liens and duplicate receipts for the payment thereof."

The judgment under which the sale was made contained a direction:

> "That such referee, on receiving the proceeds of sale, forthwith pay therefrom the taxes, assessments, and water rents which are or may become liens on the premises at the time of sale."

In compliance with the directions of rule 15 of the Special Term Rules of the First District there was annexed to the notice of sale a statement of the approximate amount of the taxes and assessments and other liens upon the property in the following form:

> "The approximate amount of taxes, assessments, and water rates or other liens, which are to be allowed to the purchaser out of the purchase money, or paid by the referee, is $1,704.49 and interest."

By consent of all the parties the closing of the title, which was originally fixed for May 24, 1912, was adjourned to May 28, 1912, at

*For other cases see same topic & § NU     in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which time the purchaser paid to the referee the balance due on the purchase price and demanded of the referee that he pay the sum of $1,189.50 taxes which became due on May 1, 1912, and $48 water rates which became due on the same date. The referee questioned his right to pay any taxes or water rates except such as were liens on the day of the sale, namely, April 24, 1912, and declined to make such payments except by order of the court, whereupon it was mutually agreed by all parties that he should pay the taxes for the year 1911 and that a motion would be made for an order directing him to pay the taxes and water rates in dispute.

In view of the terms of the judgment under which the sale took place, and which was referred to in the notice of sale, and which provided that the taxes and water rents which were to be paid by the referee were such as were or might become "liens on the premises at the time of the sale," I think the motion should be denied. The language of the terms of sale is in harmony with this construction:

"All taxes, assessments, and water rates upon said premises will be allowed by the referee."

In view of the distinct provision with respect to liens contained in the judgment, the above language in the terms of sale must be taken, as, indeed, it would naturally be taken, without reference to such provision of the judgment, as relating to the time when the terms of sale were signed; that is to say, the day of the sale. This meaning of the terms of sale should not be allowed to be changed by the general statement, which at best purports only to be an approximation of the amount of taxes or other liens. That too much importance should not be attached to such a statement is indicated by the provision of rule 15 that an unintentional error in stating the amount of taxes or other liens to be allowed shall not invalidate the sale nor authorize the court to relieve the purchaser or order a new sale. Neither should such an error be allowed to control the meaning of the terms of sale.

The motion is therefore denied, but without costs.